IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry V. Sanders, | ) | C/A No.: 1:15-3475-BHH -SVH |
|                  Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden of Federal Correctional Institution-Estill, | ) | |
|                  Defendant. | ) | |

Terry V. Sanders ("Petitioner"), proceeding pro se, is incarcerated at Federal Correctional Institution ("FCI") in Estill, South Carolina. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.    Factual and Procedural Background

On April 1, 2011, Petitioner pled guilty in the United States District Court for the Southern District of Georgia to possession of a short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. [ECF No. 1 at 2; *see also United States v. Terry Vashoun Sanders*, 4:10-cr-162-WTM-GRS (S.D. Ga. 2011) at ECF No. 35].[1] He was

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

sentenced on the same day to 120 months' imprisonment. *Id*. Petitioner states that he did not appeal his conviction and sentence. [ECF No. 1 at 2]. There is no indication that he filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set, aside, or correct his sentence. Petitioner now seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process). [ECF No. 1 at 2–10].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *see also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Surratt*, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting *Rice*, 617 F.3d at 807)).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Surratt*, 797 F.3d at 247 (quoting *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, *Surratt*, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual innocence "'means factual innocence, not mere legal insufficiency.'" *Surratt*, 797 F.3d at 250 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Additionally, the

AEDPA contains a one-year statute of limitations and Plaintiff indicates he has not filed a petition pursuant to § 2255.[3]

In this case, Petitioner claims that his sentence is unconstitutional in light of *Johnson*. [ECF No. 1 at 9]. However, Petitioner provides no factual allegations to plausibly suggest that *Johnson* decriminalized the conduct for which Petitioner was convicted or that such conduct has been deemed non-criminal by any substantive law change since his first § 2255 motion. *See Swanson-El v. Zych*, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the *Johnson* decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."). Petitioner's argument appears to concern the nature and circumstance of his offense and "constitutes the sort of argument about 'legal classification' that [the Fourth Circuit has] deemed insufficient" to trigger relief under the savings clause. *Surratt*, 797 F.3d at 250. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241, this court lacks jurisdiction to consider the petition in this case. *Surratt*, 797 F.3d at 268; *see also Brown v. Butler*, C/A

---

[3] Section 2255 contains a one-year limitations period, which runs "from the latest of –
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f)(1)-(4). The court observes that the opinion in *Johnson* was issued on June 26, 2015.

No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since *Johnson* was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim.") (collecting cases).[4]

III.     Conclusion and Recommendation

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

November 24, 2015                                    Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] *Johnson* has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the *Johnson* rule may be retroactively applied. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (yes) *with In re Gieswein*, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (no); *In re Rivero*, 797 F.3d 986 (11th Cir. 2015) (no). Accordingly, addressing the merits of a *Johnson* claim under § 2241 would be premature in any event. Further, to the extent Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum [ECF No. 1 at 9], the court notes that the Fourth Circuit specifically declined to decide that issue in *Surratt* and did not overrule Fourth Circuit precedent holding that petitioners cannot use the savings clause to challenge their sentences. *Surratt*, 797 F.3d at 269; *cf. Poole*, 531 F.3d at 267 n.7.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).